John Paul HARDNETT,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 60004.

Supreme Court of Missouri,
En Banc.

April 10, 1978.
Rehearing Denied April 28, 1978.

Christelle Adleman-Adler, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

BARDGETT, Judge.

Appellant John Paul Hardnett appealed to the Missouri Court of Appeals, St. Louis district, from the judgment of the circuit court of February 13, 1976, which summary denied, without a hearing, his Rule 27.26 motion filed December 19, 1975. The relief appellant seeks is a correction or modification of his sentence so as to conform to the statutory provision of sec. 559.190, RSMo 1969. The court of appeals affirmed and denied appellant's motion for rehearing or transfer. Thereafter, this court sustained appellant's motion for transfer.

Appellant was sentenced to six years' imprisonment on January 24, 1975, pursuant to his plea of guilty entered December 11, 1974. According to the briefs of both parties and the transcript of the plea proceedings, appellant had been charged with "Assault with Intent to Maim with Malice". The record on appeal does not contain copies of the indictment or the judgment. The court requested that they be supplied and they are now here. The first page (cover sheet) of the indictment states: "Charge: *ASSAULT WITH INTENT TO MAIM WITH MALICE*", and then lists the witnesses. The reverse side which contains the body of the indictment reads, eliminating certain formal phrases, that Hardnett ". . . feloniously, willfully, on purpose, and of his malice aforethought did make an assault upon MILDRED ANDERSON with a certain weapon, to-wit: a knife, a means likely to produce death or great bodily harm, and did then and there cut, stab and wound the said MILDRED ANDERSON with the intent then and there to maim the said MILDRED ANDERSON: . . . ."

The copy of the judgment shows on the cover sheet side the following, "Pleaded Guilty To: ASSAULT WITH INTENT TO MAIM WITH MALICE". The reverse side containing the sentence and judgment, in pertinent part, reads as follows, "Now, at this day comes the Assistant Circuit Attorney for the State, and also comes the defendant herein, in person in the custody of the Sheriff of this City, and in the presence of *Karl Lang*, Attorney and Counsel in open Court, whereupon said defendant is informed by the Court that *he* has heretofore entered plea of guilty of the crime of *ASSAULT WITH INTENT TO MAIM WITH MALICE*, said plea being accepted by the Court and being now asked by the Court if *he* had any legal cause to show why judgment should not be pronounced against *him* according to law, and still failing to show such cause, it is therefore sentenced, ordered and adjudged by the Court, that the said defendant: *JOHN PAUL HARDNETT* . . . . ."

The sole contention made by appellant in this 27.26 motion was that his sentence was in excess of the maximum prescribed by law for the offense for which he was convicted.

Section 559.180, RSMo 1969, prescribes a punishment of not less than two years and, therefore, the maximum could be life imprisonment for the offense of assault with intent to maim, etc., with *malice aforethought*.

Section 559.190, RSMo 1969, provides that an assault with intent to maim, the punishment for which is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, etc.

The difference between sections 559.180 and 559.190 is the element of "malice aforethought". Appellant contends he was neither charged with nor did he plead guilty to an assault with "malice aforethought" but that he did plead guilty to what was described by the trial court in the guilty plea proceedings and by the state in its brief as "assault with intent to maim *with malice*" but not malice *aforethought*.[1] Nowhere in the plea proceedings is the offense charged or to which appellant pled guilty identified

---

[1] It is readily acknowledged that in conversations among lawyers and judges and in a number of opinions the offense of assault with intent, etc., with malice aforethought under sec. 559.180 is commonly referred to as assault, etc., "with malice", and the assault with intent, etc., under sec. 559.190 is referred to as assault, etc., "without malice".

as an assault "with malice aforethought". Even in responding to the appellant's point, the state makes no assertion that appellant was charged with a crime which, by the words of the information or indictment, described the mental element peculiar to sec. 559.180 as "malice aforethought", although as noted supra, the words do appear in the body of the indictment but are not on the cover sheet side where the offense charged is identified. As stated, there is no reference to malice aforethought anywhere in the plea-of-guilty proceedings, nor is the concept or element of malice aforethought referred to by definitional terms or alluded to in any respect.

The state argues that "malice" and "malice aforethought" mean the same thing; that malice aforethought is just a redundant way of saying malice and that the terms are fully interchangeable, citing *Cook v. State*, 511 S.W.2d 877 (Mo.App.1974), where at 881 the court, quoting with approval from a trial court's memorandum opinion, stated: "Although this classification of assault may be tidy and symmetrical, the differences between the classes are perhaps more apparent than real and no real difference may exist, for example, between an assault 'with malice aforethought' and an assault 'with malice but not aforethought.' Thus, in many decisions, our Supreme Court now uses the term 'malice' interchangeable with and rather than the traditional term 'malice aforethought.' See *State v. Anderson*, 375 S.W.2d 116, 122 (Mo. 1964); *State v. Williams*, 323 S.W.2d 811 (Mo.1959)."

Cook had been tried and convicted by a jury which conviction was affirmed in *State v. Cook*, 463 S.W.2d 863 (Mo.1971). There were a number of instructions given to the jury by the court and among those instructions were definitions of malice aforethought. There was also submitted a lesser included offense of assault with intent to do great bodily harm under sec. 559.190, usually referred to by lawyers and judges as assault, etc., "without malice". When all of the instructions were considered together, it becomes very clear that the jury had presented to it instructions covering both types of assault and it indicated by its verdict a finding of guilty of the one involving malice which, in context, obviously meant the crime of assault with malice aforethought.

▮▮▮ The quotation set forth supra from *Cook* is entirely too broad to be at all acceptable and, in its broad sense, was not necessary to the decision reached there. The two terms—"malice" and "malice aforethought"—are not the same and are not interchangeable. The only difference between an assault offense under sec. 559.180 and sec. 559.190 is that malice aforethought is a necessary element under 559.180 but not under 559.190. The definition of malice aforethought is to do an act "intentionally and without just cause or excuse and after thinking about it beforehand for any length of time." See MAI–CR 6.22. In *State v. Mathis*, 427 S.W.2d 450 (Mo.1968), the court said at 453–454:

"There has been some confusion in the language used to describe the offenses defined by Sections 559.180 and 559.190. The first section, applied to the facts of this case, defines an offense of felonious assault with malice aforethought with intent to maim, that is, to do great bodily harm. An essential element is malice *aforethought* and the word 'aforethought' as here used means malice *with* premeditation. *State v. Young*, 314 Mo. 612, 286 S.W. 29, 34. Malice alone is not sufficient. See *State v. Venable*, Mo., 177 S.W. 308, where an instruction defining 'malice aforethought' as 'the intentional doing of a wrongful act without just cause or excuse' (a frequent definition of 'malice,' see *State v. Finnell*, Mo., 280 S.W.2d 110, 113; *State v. Ayers*, Mo., 305 S.W.2d 484, 486) was held to be erroneous because 'malice aforethought' means 'malice with premeditation; that is, that the unlawful act intentionally done was determined upon before it was executed.'

"Section 559.190 provides, when applied to the facts of this case, that every person who shall be convicted of an assault with intent to do great bodily harm 'the punish-

ment for which assault is not hereinbefore prescribed,' referring to Section 559.180, shall be punished in the manner provided. Therefore, an assault with malice, but not with malice aforethought, which is committed with the required intent would be an assault within the definition of Section 559.190, and would be a lesser included offense of the assault defined by Section 559.180."

The memorandum opinion and decision of the trial court in the instant case is as follows:

"On December 19th, 1975, defendant-movant filed his second motion under Supreme Court Rule 27.26. His previous motion was summarily overruled.

"The only grounds contained in defendant-movant's second motion under Supreme Court Rule 27.26 is that the sentence imposed upon him (six years) was contrary to the statute under which he was convicted. The Court file shows that this defendant-movant by Grand Jury Indictment was charged with the crime of Assault With Intent to Maim With Malice. On December 11, 1974, defendant pleaded guilty as charged and a pre-sentence investigation was ordered. On January 24, 1975, he appeared in court and was formally sentenced; probation was denied. Defendant was previously served with a written copy of his guilty plea together with the opinion overruling his prior motion under this Supreme Court Rule. Defendant-movant now contends that his indictment was under Missouri Statutes 559.190, 1969 which is the statute that deals with Assault Without Malice. In this case this defendant-movant clearly pleaded guilty to the crime of Assault With Intent to Maim With Malice which is covered by Section 559.180 in which the maximum range of punishment is life imprisonment.

"Because of the above, no evidentiary hearing is necessary. It is not even necessary for this Court to appoint an attorney to consider an appeal of the Court's ruling. Because this defendant-movant was sentenced under Section 559.180 and not 559.190, as is his contention, his motion is summarily overruled."

■ The court holds the crime appellant pled guilty to was an assault with intent to maim under sec. 559.190 and not an assault, etc., with malice aforethought under sec. 559.180. The foregoing finding, conclusion, and judgment of the circuit court are clearly erroneous. The plea of guilty to assault with intent to maim as defined in sec. 559.190 has not been shown to be involuntary or otherwise invalid and, therefore, the judgment of conviction of assault with intent to maim is not vacated. The sentence, however, must be vacated because it is in excess of the maximum permitted for an assault offense under sec. 559.190 which is five years' imprisonment. But the sentencing judge imposed sentence upon the mistaken belief the appellant was pleading guilty to an assault, etc., with malice aforethought under sec. 559.180 and, therefore, the sentence of six years must be vacated and the cause remanded for resentencing within the limits permitted by sec. 559.190.

As noted in the circuit court's memorandum opinion, the allegation of appellant that his sentence is unlawful as being in excess of the statutory maximum for the crime to which appellant pleaded guilty was contained in appellant's second 27.26 motion. It was not in his first 27.26 motion. The first 27.26 motion sought to set aside the plea of guilty and judgment on the grounds that, in short, (a) he was led to believe by his attorney that he would receive probation or a lesser sentence, (b) the court was prejudiced, and (c) the facts stated in the presentence investigation were incorrect. The first motion was overruled without a hearing and without appointing counsel. However, no appeal was taken from that judgment at all. After the second 27.26 was overruled with neither hearing nor counsel, an appeal was taken. However, this appeal was specifically taken from the judgment entered on the second motion—not the first. The court of appeals did not review the points briefed by counsel arising out of the first motion because no appeal had been taken from the first judgment. Counsel for appellant has been critical of the court of appeals for this action.

The criticism was irrelevant to the motion for transfer and impertinent to the court of appeals. The court of appeals was correct in refusing to rule on the points arising out of the first, but not the second, 27.26 motion, as do we for the same reason—there was no appeal taken from the denial of the first motion.

The state contends the trial court properly denied the second Rule 27.26 motion because the point asserted—punishment in excess of the statute for the crime of which he was convicted—could have been raised in the first motion. This was the basis of the court of appeals disposition of the point and the appeal. The trial court, however, considered this point on the merits and denied it holding that appellant had been convicted of assault with intent to maim under sec. 559.180 with malice aforethought. We believe the court of appeals should have considered this point on its merits regardless of the failure to allege it in the earlier 27.26 motion because it deals with a sentence allegedly in excess of the statutory maximum.

If a person were convicted of manslaughter (maximum sentence ten years), sentenced to twenty years, filed one or more 27.26 motions attacking the voluntariness of his guilty plea, and then filed a 27.26 motion or a writ of habeas corpus seeking release or a correction in his sentence to one within the statutory authorization, it would not seem appropriate to reject the request simply because it was not asserted earlier. To do so would mean that a person would remain confined beyond the legal limit and this even though the defect was apparent on the face of the record, as here, in order to facilitate certain procedural aspects of motions under Rule 27.26.

Although the state does not argue or contend that the absence of "aforethought" from the charge as identified on the indictment and from the judgment was inadvertent or a mistake, it appears that it may have been carelessness or an oversight on the part of the circuit attorney as to the indictment, and the clerk and judge as to the judgment. In any event, it is important that the specific offense to which a person pleads guilty and of which he is found guilty be clearly and completely identified during the plea proceedings and in the judgment for it is *that* offense, not something else, that controls as to range of punishment. As stated supra, there is no offense as "assault with intent to maim with malice" as such. There is an offense of "assault with intent to maim" (sec. 559.190) and "assault with intent to maim with malice aforethought" (sec. 559.180). The judgment does not show a conviction of assault with intent to maim with malice aforethought. It does show a conviction of assault with intent to maim and, therefore, it is that offense for which he should have been and will be sentenced.

The judgment of the circuit court is reversed and the cause is remanded with directions to *immediately* bring appellant before the court and to sentence appellant within the limits prescribed by sec. 559.190, RSMo 1969, and to then immediately notify the Department of Corrections of the sentence in order that appellant can be promptly discharged should it be that he is entitled thereto.

Reversed and remanded with directions.

Finch, J., dissents.