**Donnell LEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41399.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Peter Sadowski, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Movant Donnell Lee (hereafter defendant) appeals the denial of his Rule 27.26 motion. He seeks to set aside his conviction and 30 year sentence for assault with malice aforethought. We affirmed that conviction in *State v. Lee,* 549 S.W.2d 934 (Mo. App.1977).

Defendant first challenges the trial court's jurisdiction because, he contends, the verdict found him guilty of the lesser offense of assault without malice aforethought. He also challenges the trial court's jurisdiction to try him for the greater offense because at his preliminary hearing the magistrate had, allegedly, ordered him bound over for trial on the lesser offense. These in turn.

When the motion was presented to Judge Bloom he called for memoranda from counsel, which he found to be well researched and written. Counsel agreed the issues were of law and no evidentiary hearing was necessary. Judge Bloom responded with written findings and conclusions denying the motion. On appeal defense counsel has vigorously briefed defendant's two contentions.

The first issue concerns two statutes. Judgment and sentence was under the felony statute, Sec. 559.180, RSMo.1969, which prohibits assaults made with malice aforethought. The graded felony statute, Sec. 559.190, RSMo.1969, of which defendant now contends the jury found him guilty, does not require malice to be aforethought. Defendant bases his argument on the fact the guilty verdict did not specifically follow the word "malice" with the word "aforethought".

We rule this point against defendant. The state's information charged malice aforethought. The verdict-directing instruction also required a finding of malice aforethought. The court instructed con-

versely that if the jury did not find malice aforethought it must acquit. The challenged verdict found defendant guilty of assault as submitted in the verdict-directing instruction, which had specifically required the jury to find the element of malice aforethought.

We have considered defendant's cited cases and argument that the verdict was ambiguous. We cannot agree. Instead, we adopt the trial court's finding that ". . . the trial record, the information, the evidence, and the charge of the court all indicate, beyond any doubt, movant was found guilty of an assault with malice aforethought".

■■■ We deny defendant's first point and move to his contention of no jurisdiction because the magistrate had ordered him bound over for trial on the lesser offense of assault without malice aforethought. The record does not support this. On the parties' stipulation the record here was supplemented by two documents, the magistrate's warrant for defendant's arrest, and the state's information. The warrant ordered defendant's arrest "to answer a complaint made against him for . . ." There follows a blurred rubber stamp of the words "assault with . . ." and the printed words "as fully appears by the foregoing affidavit". We are furnished with neither that affidavit nor the magistrate's order binding defendant over for trial. On the same date the state filed the other supplementary document, the information charging assault with malice aforethought. From this fragmentary record we cannot concur with defendant's contention he was not bound over for trial on the information filed. Furthermore, defendant waived the preliminary hearing point by proceeding to trial without objection. *State v. Ashe,* 403 S.W.2d 589, l. c. 591 (Mo.1966), and *Shields v. State,* 491 S.W.2d 6, l. c. 10 (Mo.App. 1973).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.