Burton WOODS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 41765, 41831.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1980.

1. See 87 A.L.R.2d 891, Admissibility, in prosecution for criminal burning of property, or for maintaining fire hazard, of evidence of other crimes.

James W. Whitney, Jr., Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his second Rule 27.26 motion. Movant was convicted in 1973 for the offenses of attempted robbery in the first degree by means of a dangerous and deadly weapon, § 560.120 RSMo. 1969, and of assault with intent to kill with malice aforethought, § 559.180 RSMo. 1969. Under the Second Offender Act he was sentenced by the court to serve a term of ten years in the Department of Corrections on the attempted robbery charge and a term of twenty-five years in the Department of Corrections on the assault with intent to kill with malice aforethought charge. The sentences were affirmed on direct appeal, *State v. Woods,* 508 S.W.2d 297 (Mo.App.1974). This court also affirmed the denial of a prior Rule 27.26 motion by movant. *Woods v. State,* 546 S.W.2d 14 (Mo.App.1977). In this motion, movant contends, relying on *Hardnett v. State,* 564 S.W.2d 862 (Mo. banc 1978), that the circuit court erred when it failed to vacate his judgment and sentence on the assault charge because the sentence imposed was "in excess of the maximum punishment prescribed in § 559.190 RSMo. 1969. . . . ."

In *Hardnett,* the defendant pleaded guilty to assault with intent to maim with malice and was sentenced to serve a term of six years in the Department of Corrections. While noting that both attorneys and judges had referred to a charge under § 559.180 as assault with malice and a charge under § 559.190 as assault without malice, the Supreme Court concluded that since defendant pleaded guilty to assault with malice, and not assault with malice aforethought, he was convicted under § 559.190 and not § 559.180.[1] It therefore reversed the circuit court's order denying relief and remanded with directions that the defendant be sentenced under § 559.190.

Here, the record reveals that in Count II of the amended information, movant was charged with assault with intent to kill

1. The maximum sentence under § 559.190 is five years imprisonment.

with malice aforethought. However, the caption of the amended information indicated that he was charged with assault with intent to kill with malice. The court submitted the offense of assault with intent to kill with malice aforethought to the jury. The instruction further defined malice aforethought. No instruction was given on the lesser included offense of assault with intent to kill without malice. The verdict returned was in the following form:

"On amended information for Count II—Assault With Intent to Kill With Malice, we, the Jury in the above entitled cause, find the defendant Guilty of Count II—Assault With Intent to Kill With Malice."

The formal entry of judgment read in pertinent part: "Count II—Assault With Intent to Kill With Malice."

In these circumstances we do not believe that the jury was confused as to what offense it was convicting the defendant. Movant was clearly charged with assault with intent to kill with malice aforethought under § 559.180. The court submitted an instruction only on assault with intent to kill with malice aforethought and the jury had only two options, finding movant guilty or not guilty of that offense. As the verdict form indicates, the jury found movant guilty. We confronted almost identical circumstances to those presented here in our recent case of *State v. Weaver*, 591 S.W.2d 727 (Mo.App.1979). We believe that *Weaver* is controlling, and therefore, we affirm the Circuit Court's order overruling movant's motion.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.