Robert Clyde WALKER,
Movant-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 41792.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1980.

Application to Transfer Denied
Sept. 9, 1980.

John A. Layton, Rader & Layton, Cape Girardeau, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, for defendant-respondent.

DOWD, Presiding Judge.

Robert Clyde Walker was charged with assault with intent to kill with malice aforethought. He pled guilty to the charge and was sentenced to twenty-five years imprisonment.

Walker filed this two point appeal from the summary denial of his Rule 27.26 motion.

Movant's initial complaint is that the trial court erred in its finding that movant entered his plea knowing that he was pleading guilty to assault with intent to kill with malice aforethought in violation of § 559.-180, RSMo 1969. Movant claims that he intended to plead guilty to assault with intent to kill without malice aforethought and should have been sentenced pursuant to § 559.190, RSMo 1969.[1]

Movant bases his first point on *Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1978). In that case the Missouri Supreme Court reversed defendant's conviction for assault with intent to maim with malice aforethought on the grounds that the defendant had not intelligently pled guilty to the charge. The court found the six year term of imprisonment assessed against the defendant to be in excess of the maximum term permitted for the offense to which defendant had pled guilty, namely assault with intent to maim without malice aforethought. Nowhere in the guilty plea proceeding in *Hardnett* was the offense to which that defendant pled guilty identified as "assault with intent to maim with malice . . . aforethought."[2] *Id.* at 853–54. The offense which appeared on the first page of the indictment was "assault with intent to maim with malice;" it was continually referred to as such throughout the proceeding. The court recognized that among attorneys "malice aforethought" was frequently abbreviated to "malice" but stated that "malice aforethought" means malice with premeditation and that, there-

fore, the terms are not synonymous nor interchangeable. *Id.* at 854. The court admonished that care must be taken to clearly identify during the plea proceeding the crime to which the defendant pleads guilty and is convicted.

During the hearing at which movant, Walker, entered his plea, the court handed movant a copy of the information under which he was charged. While movant held the information the trial judge read it to him. The information stated in pertinent part, that "Robert Clyde Walker . . . did wilfully, unlawfully and feloniously and of his malice aforethought make an assault upon one James Bollinger." The information cited § 559.180, RSMo 1969 and stated the possible punishment at not less than two years. Subsequently, the court asked movant what he had done which made him think he was guilty of the charge which had been read to him to which the movant replied that he had gone "to talk to Jim Bollinger and (had) pulled a gun and shot at him." Movant stated that he went to Mr. Bollinger's office with the intent to shoot him and to either kill or seriously hurt him. Following further questioning in regard to rights which movant would forfeit by pleading guilty, the judge informed him that the possible punishment for the offense with which he was charged was at least two years and that he could receive a sentence of "any number of years or life imprisonment." Movant stated that he understood this. The attorney for the movant stated at the time movant entered his guilty plea that the matter had been discussed in "great detail" and that "Mr. Walker (movant) has done what he wants to do."

The offense with which movant was charged is referred to at only one point as "felonious assault with malice". This reference appears in the petition to enter a plea

---

1. Section 559.180, RSMo 1969 carries a prison term of not less than 2 years. Punishment under § 559.190, RSMo 1969 is limited to not more than 5 years.

2. The only mention of malice aforethought in the *Hardnett* case, is in the body of the indictment. However, the court's opinion makes it clear that at no time during the entire proceeding was defendant apprised of the element of malice aforethought.

of guilty. The petition also states, however, that movant had received a copy of the information and "fully (understood) every charge made against (him)." As stated earlier, prior to the acceptance of his plea the movant held a copy of the information while the judge read it to him.

The judgment states that the movant admitted to all of the essential elements of the crime as charged and was, therefore, found guilty as charged.

In the case at bar, unlike the situation in *Hardnett*, the movant was told by the court and his attorney precisely what the charge against him was and the range of possible punishment. Despite the fact that his plea was not accompanied by a statement in legal terms of each element of the offense we believe that movant was not laboring under a misunderstanding of the crime to which he was pleading guilty. *See, McIntosh v. State*, 559 S.W.2d 598, 601 (Mo.App.1977). Movant admitted that he went to Mr. Bollinger's office carrying a loaded gun with the intent to kill him or hurt him seriously. These admissions by movant in open court established the necessary element of malice with premeditation, i. e., malice aforethought. Where movant admits facts which are sufficient to establish the elements of the offense to which he has pled guilty he may not later claim that he did not understand the nature of the charge. *Ballard v. State*, 577 S.W.2d 932, 934 (Mo.App.1979).

We find that movant knowingly pled guilty to assault with intent to kill with malice aforethought and that movant's first point is without merit.

Movant complains in his second point that the trial court erred in finding that he was effectively assisted by counsel because his counsel did not inform him that he was charged with assault with malice aforethought and not assault without malice aforethought.

Our previous finding that movant knowingly and voluntarily pled guilty to the charge of assault with intent to kill with malice aforethought renders the issue of ineffective assistance of counsel immaterial. *McCaskill v. State*, 579 S.W.2d 760, 761 (Mo.App.1979). Even if this court were to assume, despite the record, that movant's counsel failed to advise him of all the elements of the offense charged this fact alone would not be sufficient to render the guilty plea involuntary. *Ballard v. State*, 577 S.W.2d 932, 934 (Mo.App.1979). Here movant admitted in open court all the facts necessary to the offense pled. He may not withdraw his plea at this stage on the grounds that he misunderstood the nature of the offense charged. *Id.* at 934.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.