**Frederick C. WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42273.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Robert C. Babione, Public Defender, James Porter, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant's Rule 27.26 motion was denied without an evidentiary hearing by the circuit court, and he appeals. We affirm.

Movant was convicted of assault with intent to maim with malice aforethought under § 559.180, RSMo 1969. He claims that he was convicted of the lesser offense of felonious assault without malice under § 559.190, RSMo 1969.[1] Under § 559.190, the maximum sentence is five years. Therefore, he concludes, his sentence of 60 years is greater than the legal limit.

The substitute information, under which movant was tried, charged him with assault

---

1. All statutory references are hereafter made to RSMo 1969.

with intent to maim with malice aforethought. However, the caption indicated that he was charged with assault with intent to maim with malice. The sole verdict directing instruction required the jury to find the movant guilty of assault with intent to kill with malice aforethought if it found, among other things, "that the assault was made with malice aforethought, that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time, however, short . . . ." He was found guilty, according to the verdict form, which referred to the substitute information, of "assault with intent to maim with malice." He was sentenced to serve a term of 60 years, a sentence within the range of punishment allowed by § 559.180.

The movant principally relies upon *Hardnett v. State*, 564 S.W.2d 852, 856 (Mo. banc 1978), in which the movant had pleaded guilty to the charge of "assault with intent to maim with malice." The body of the indictment in that case alleged that Hardnett "feloniously, willfully, on purpose, and of his malice aforethought did make an assault upon" the victim.

The Supreme Court, while noting that "with malice aforethought," under § 559.180, is commonly abbreviated in legal circles to "with malice," 564 S.W.2d at 853 n. 1, held that Hardnett had pleaded guilty to assault with intent to maim under § 559.190 and not assault with intent to maim with malice aforethought under § 559.180. The court reversed and remanded with direction that the defendant be sentenced under § 559.190.

Here, there was a jury trial and not a plea of guilty as in *Hardnett*. The circumstances here are almost identical to those in *Woods v. State*, 595 S.W.2d 752 (Mo.App. 1980), in which we said the following:

> [W]e do not believe that the jury was confused as to what offense it was convicting the defendant. Movant was clearly charged with assault with intent to kill with malice aforethought under § 559.180. The court submitted an instruction only on assault with intent to

kill with malice aforethought and the jury had only two options, finding movant guilty or not guilty of that offense. As the verdict form indicates, the jury found movant guilty. We confronted almost identical circumstances to those presented here in our recent case of *State v. Weaver*, 591 S.W.2d 727 (Mo.App.1979). We believe that *Weaver* is controlling, and therefore, we affirm the Circuit Court's order overruling movant's motion.

*Id.* at 754. *See also, Lee v. State*, 591 S.W.2d 151 (Mo.App.1979).

On the basis of the record before the trial court, it properly denied movant's motion without an evidentiary hearing.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.