Robert Tyrone DUKE, Appellant,

v.

STATE of Missouri, Respondent.

No. 42496.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Howard E. McNier, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Here, movant was convicted of assault with intent to maim with malice aforethought, § 559.180, RSMo 1969.[1] Movant contends, however, that because the term "malice" rather than "malice aforethought" was used in certain stages of his case, he was actually convicted of assault with intent to maim *without* malice aforethought, § 559.190. Since § 559.190 provided for a maximum sentence of five years, unlike the unlimited range allowed by § 559.180, movant argues his twenty–year sentence is therefore in excess of the statutory limit.

Although the indictment under which movant was tried was captioned "assault with intent to kill with malice," the body of the indictment clearly charged that movant "feloniously, willfully, on purpose, *and of his malice aforethought* did make an assault upon [the victim]." (emphasis added). The jury received only one verdict directing instruction (Instruction Number Five), which required that before movant could be found guilty, the jury had to conclude "that the assault was made with malice aforethought; that is, intentionally and without just cause or excuse and after thinking about it before hand for any length of time . . . ." No lesser included offenses were submitted to the jury. While the verdict form, given to and signed by the jury, used the words "assault with intent to maim with malice . . ." it recited that this was "as submitted in Instruction No. 5."

The movant relies principally upon *Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1978). There, Hardnett had entered a plea of guilty to a charge of "assault with intent to maim with malice," although the body of the indictment had used the term "malice aforethought." The supreme court reversed and remanded, holding that Hardnett had pleaded guilty to assault with intent to maim under § 559.190, not to assault with intent to maim with malice aforethought under § 559.180.

This case is another of a series now surfacing as a result of the loose use of the term "assault . . . with malice." Although the statute refers to "malice aforethought," the *Hardnett* court recognized that the term "assault . . . with malice" has been commonly used among lawyers and judges in referring to § 559.180.[2]

In the instant case, the body of the indictment charged movant with assault with intent to maim with malice aforethought. The instructions in this case gave the jury only two choices, either to find movant guilty of assault with intent to maim with malice aforethought or to find him not guilty. Even though the verdict form did not contain the word "aforethought," it clearly stated that movant had been found guilty of the offense "as submitted in Instruction No. 5"; as noted, this instruction did include the element of malice aforethought.

This court has, since *Hardnett*, considered cases presenting issues identical to those in the present case. While hindsight tells us that more precise terminology ought to have been used, in each of those cases we held that the movant had been clearly

1. Repealed by Laws of Mo., 1977, p. 662. All subsequent statutory references are to RSMo 1969.

2. "It is readily acknowledged that in conversation among lawyers and judges and in a number of opinions the offense of assault with intent, etc., with malice aforethought under sec. 559.180 is commonly referred to as assault, etc., 'with malice,' and the assault with intent, etc., under sec. 559.190 is referred to as assault, etc., 'without malice'." *Id.* at 853, n.1.

charged with, and convicted of, violating § 559.180. *White v. State*, 606 S.W.2d 783 (Mo.App. E.D., 1980); *Woods v. State*, 595 S.W.2d 752 (Mo.App.1980). *See also, Lee v. State*, 591 S.W.2d 151 (Mo.App.1979); *State v. Weaver*, 591 S.W.2d 727 (Mo. App.1979). We so hold here.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.