Jimmie Lee WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 42349.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 14, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Jan. 13, 1981.

John Keath, Asst. Public Defender, 22nd Jud. Circuit, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

After hearing, the trial court denied movant's Rule 27.26 motion. He appeals.

In November, 1973, movant was found guilty of assault with intent to kill with malice aforethought. The conviction was affirmed in *State v. Williams*, 525 S.W.2d

395 (Mo.App.1975). He subsequently filed his first Rule 27.26 motion, alleging errors not at issue in this present motion. That motion was denied and affirmed in *Williams v. State*, 550 S.W.2d 821 (Mo.App. 1977).

Movant's contention in this second 27.26 motion is that the information under which he was tried and convicted of assault with intent to kill with malice aforethought failed to charge him of that crime.[1] He argues that because the cover sheet and the caption of the information state that he was charged with assault with intent to kill with malice, omitting the word "aforethought", that he could not have been convicted of any crime greater than assault with intent to kill without malice and therefore the twenty–five year sentence assessed against him was in excess of the statutory limitation.[2]

Movant relies almost exclusively on the Missouri Supreme Court's opinion in *Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1978). In *Hardnett* there was a guilty plea to an indictment charging assault with intent to maim with malice. The cover sheet as well as the body of the judgment stated that movant pleaded guilty to assault with intent to maim with malice. The only mention of "malice aforethought" appeared in the body of the indictment.

The facts in the present case distinguish it from *Hardnett*. Here, the information was similar to the indictment in *Hardnett* in that the sole mention of malice aforethought appeared in the body of the information. However, the movant did not enter a plea but was instead tried and convicted by a jury of the crime as charged. The body of the information charged movant with assault with "malice aforethought." The instructions submitted to the jury gave them the choice of finding movant guilty of assault with malice aforethought, of assault

---

1. Movant filed a pro se brief in addition to the brief filed by his attorney. The pro se brief does not raise any points which differ substantially from the point raised by his counsel.

2. The statutory maximum punishment for assault with intent to kill without malice is 5 years. § 559.190, RSMo 1969.

without malice aforethought or not guilty. The verdict forms submitted to the jury were entitled "on information for assault with intent to kill with malice aforethought." The jury found movant guilty of assault with intent to kill with malice aforethought pursuant to instruction number one,[3] thereby rejecting the option of finding him guilty of assault without malice submitted by instruction number two. The judgment book of the circuit court division in which his trial was held provides that on December 21, 1973 a jury found movant guilty of assault with intent to kill with malice aforethought.

It is obvious under these circumstances that movant was charged with and convicted of violating § 559.180, RSMo 1969[4]—assault with intent to kill with malice aforethought. It is evident that the charge for which movant was convicted was made manifest to him and the jury, and, accordingly, movant's conviction may stand through the information under which he was tried. A flurry of cases so hold. *See* *Duke v. State*, 608 S.W.2d 464 (Mo.App. E.D., 1980); *White v. State*, 606 S.W.2d 783 (Mo.App. E.D., 1980); *Woods v. State*, 595 S.W.2d 752 (Mo.App.1980); *State v. Weaver*, 591 S.W.2d 727 (Mo.App.1979).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

---

3. Instruction number one also included a definition of "malice aforethought."

4. Repealed by Laws of Mo., 1977, p. 662.