**Raymond William SWINNEY, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 42429.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Leonard W. Buckley, Jr., St. Louis, for movant.

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

In this appeal from a judgment denying a Rule 27.26 motion movant contends that the

wording of the jury's verdict is ambiguous, that the jury may have meant to find him guilty of assault with intent to kill without malice instead of assault with intent to kill with malice aforethought. This court affirms the judgment denying the motion.

Movant Raymond Swinney was convicted of assault with intent to kill with malice aforethought and sentenced to 15 years' imprisonment. On appeal the judgment was affirmed. *State v. Swinney*, 558 S.W.2d 363 (Mo.App.1977). Movant's amended 27.26 motion was heard February 22, 1979 and denied December 11, 1979. He appeals, contending that the jury's verdict was ambiguous and did not support a 15 year sentence. He seeks to have his conviction set aside and to be allowed a new trial, or, in the alternative, to have his sentence reduced to one commensurate with the penalty in § 559.190, RSMo 1969.[1]

The state charges movant failed to preserve this point on appeal because his amended point relied on did not comply with Rule 84.04(d). The point is inartfully stated but what seems to be movant's claim of trial court error will be considered and decided.

The jury in movant's trial was given two verdict-directing instructions. Instruction No. 7 defined the elements necessary to support a conviction of assault with intent to kill with malice aforethought. § 559.-180.[2] Instruction No. 8 defined the elements of a lesser included offense, assault with intent to kill without malice aforethought. § 559.190.[3] The jury's verdict

1. All statutory references are to RSMo 1969 unless otherwise noted.

2. The penalty for violation of § 559.180 was not less than two years.
   It was repealed in 1977.
   Instruction No. 7, as set forth in respondent's brief, read:
   " 'If you find and believe from the evidence beyond a reasonable doubt:
   First, that on March 7, 1974, in the City of St. Louis, State of Missouri, the defendant stabbed Lillian Smallwood, and
   Second, that he did so with *malice aforethought—that is, intentionally and without just cause or excuse and after thinking about it before hand for any length of time,* and
   Third, that he did so with intent to kill Lillian Smallwood, and
   Fourth, that such assault by defendant was not justifiable as submitted in Instruction No. 6, then you will find the defendant guilty of *assault with intent to kill with malice aforethought.*
   However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.
   If you do find the defendant guilty of *assault with intent to kill with malice aforethought* you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than *two years nor more than life* imprisonment.' " [Emphasis supplied by respondent.]

3. Section 559.190, repealed in 1977, authorized a sentence "not exceeding five years" for assault with intent to kill without malice aforethought.
   Instruction No. 8, as set forth in respondent's brief, read:

" 'If you do not find the defendant guilty of assault with intent to kill with malice, then you must consider whether or not under the evidence in this case he is guilty of assault with intent to kill without malice.
If you find and believe from the evidence beyond a reasonable doubt:
First, that on March 9, 1974, in the City of St. Louis, State of Missouri, the defendant stabbed Lillian Smallwood, and
Second, that he did so with intent to kill Lillian Smallwood, and
Third, that such assault by defendant was not justifiable as submitted in Instruction No. *6,* then you will find the defendant guilty of assault with intent to *kill without malice aforethought.*
However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.
If you do find the defendant guilty of assault with intent to *kill without malice aforethought* (sic), you will fix his punishment:
1. By imprisonment by the Department of Corrections for a *term fixed by you,* but not *less than two years nor more than five years,* or
2. By confinement in the St. Louis Medium Security Institution for a term fixed by you, but not less than six months nor more than one year, or
3. By a fine of not less than $100, nor more than $1,000, or
4. By both such fine and confinement in the St. Louis Medium Security Institution for a term fixed by you, but not less than three months nor more than one year.' " [Emphasis supplied by respondent.]

read: "We, the jury, find the defendant guilty of Assault with Intent to Kill With Malice, as submitted in Instruction No. 7, we fix the punishment at 15 years."[4] The court entered judgment convicting movant of assault with intent to kill with malice aforethought and sentenced movant to 15 years in accordance with the verdict.

■ Movant insists that the absence of the word "aforethought" after "malice" in the verdict indicates the jury might have intended conviction of assault with intent to kill without malice under § 559.190. He argues that the phrase "as submitted in Instruction No. 7," in the verdict could have been intended to modify either the preceding phrase, "We, the jury, find the defendant guilty of Assault with Intent to Kill With Malice" or the following phrase, "we fix the punishment at 15 years." Movant claims that if "as submitted in Instruction No. 7" referred to the punishment, then the finding of guilty could have referred to Instruction No. 8 on assault with intent to kill without malice. Movant is to be commended for trying but his reasoning is specious and based on insubstantial grammatical trivialities. The point has no merit.

The intent of the jury is paramount. " ' "[I]n determining the sufficiency of a verdict, the controlling object is to learn the intent of the jury; and, if such intent may be ascertained and the verdict made definite and certain by reference to the pleadings and instructions, it will be sustained * * *." ' " [Footnote with citations omitted.] " 'The verdict of a jury, even in a criminal case, is not to be tested by technical rules of construction.' " [Footnote with citations omitted.]

*State v. Leimer*, 382 S.W.2d 718, 721–722[1–3] (Mo.App.1964).

The jury made specific reference to Instruction No. 7 on assault with intent to kill with malice aforethought, after being instructed also on assault with intent to kill without malice aforethought in Instruction No. 8. The verdict was free from inherent ambiguity. It would require a strained construction to find that the jury, in rendering this verdict, intended to find movant guilty under Instruction No. 8, which was not mentioned in the verdict, and to assess the punishment from Instruction No. 7 which was mentioned. The jury's intent to find movant guilty of assault with intent to kill with malice aforethought under Instruction No. 7 is supported even more strongly by the fact that the jury used the words "with malice" in the verdict. Could they have intended "without malice"? Not when the instructions and the verdict are analyzed together. Jurors are not usually semanticists and most would not consider it at all important that the word "aforethought" was omitted from the verdict when the word "malice" was used along with the specific reference to Instruction No. 7, regardless of the punctuation used. "Verdicts should be liberally construed in view of the intention of the jury and of the issues presented, . . . ." *State v. Meinhardt*, 82 S.W.2d 890, 893[9, 10] (Mo.1935). *State v. McCarthy*, 336 S.W.2d 411, 417–418[9–11] (Mo.1960).

■ Ambiguity of jury verdicts regarding malice aforethought in assault cases has been the subject of appeal in prior cases. *See Woods v. State*, 595 S.W.2d 752 (Mo.App.1980); *State v. Weaver*, 591 S.W.2d 727 (Mo.App.1979); and *Lee v. State*, 591 S.W.2d 151 (Mo.App.1979) all affirming denials of 27.26 motions for § 559.180 convictions based upon verdicts lacking the word "aforethought." Although "[t]he two terms—'malice' and 'malice aforethought'—are not the same and are not interchangeable," *Hardnett v. State*, 564 S.W.2d 852, 854[1–3] (Mo. banc 1978), "malice," as submitted in Instruction No. 7 and "malice aforethought" are in this case equivalent. If a verdict may be made definite and certain by reference to the pleadings and instructions it will be sustained. All reasonable presumptions should be indulged to sustain the verdict. *State v. McCarthy, supra.*

---

4. In his opinion on the motion, Judge Satz substituted a semicolon for the last comma. Appellant admits that this removes the ambiguity but argues that it is only one of two possible interpretations of the verdict and that to change the punctuation was error.

Movant relies almost exclusively upon *Hardnett v. State, supra.* In *Hardnett* the defendant pleaded guilty to assault with intent to maim with malice and was sentenced to six years. The supreme court reversed a judgment denying a Rule 27.26 motion and ordered the trial court to correct the sentence because it was in excess of the maximum five year sentence permitted by § 559.190. The crime was described as "with malice" throughout the plea proceedings and the judgment stated "Assault with Intent to Maim with Malice." "Malice aforethought" under § 559.180 was required for the six year sentence imposed by the trial court. The supreme court found that the defendant had pleaded guilty only to assault with intent to maim and ordered that he be resentenced accordingly.[5]

*Hardnett* is distinguishable. In *Hardnett* there was a guilty plea and the error was in not clearly and completely identifying the specific offense to which the defendant pleaded guilty. Here, there was no guilty plea. Movant was tried and convicted by a jury of the crime as charged. The jury was instructed on assault with intent to kill both with malice aforethought and without malice aforethought. The problem present in *Hardnett*—the failure to identify for the defendant the specific offense to which he pleaded guilty—is not present here.

The record does not support a finding that movant believed he was facing only a charge of violation of § 559.190. But if it did, movant's belief about the crime charged would not affect the disposition of this motion based upon alleged ambiguity in the jury's verdict.

The intent of the jury is the issue. When the instructions and the verdict are considered together, it is obvious movant was charged and convicted of violating § 559.-180.

The trial court ruled correctly on the motion. The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

5. "[I]t is important that the specific offense to which a person pleads guilty and of which he is found guilty be clearly and completely identified during the plea proceedings and in the judgment for it is *that* offense, not something else, that controls as to range of punishment .... [T]here is no offense as 'assault with intent to maim with malice' as such. There is an offense (sic) of 'assault with intent to maim' (sec. 559.190) and 'assault with intent to maim with malice aforethought' (sec. 559.180). The judgment does not show a conviction of assault with intent to maim with malice aforethought. It does show a conviction of assault with intent to maim and, therefore, it is that offense for which he should have been and will be sentenced." *Hardnett v. State,* 564 S.W.2d 852, 856[6] (Mo. banc. 1978). [Emphasis in original.]