Jackey Don WATSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 42196.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

John E. Bell, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion after an evidentiary hearing. On July 10, 1978, movant pled guilty to murder in the second degree, burglary in the second degree, and assault with intent to kill with malice aforethought. He was sentenced to serve a term of fifteen years on the murder charge; ten years on the burglary charge; and fifteen years on the assault charge. These sentences were to run concurrently.

In his motion, movant asked the court to vacate his sentences. On appeal, he raises five rambling points. A review of these points reveals that movant's main contention is that he was improperly charged and convicted of the offense of assault with intent to kill with malice aforethought.

Movant's complaint centers around the variance in the original indictment's caption and body. The indictment shows the caption stated that he was charged with assault with intent to kill with malice; however, the body of the charge clearly shows that he was charged with assault with intent to kill with malice aforethought. Before a plea of guilty was entered, the prosecuting attorney substituted an information for the indictment, changing only the caption to read "Assault With Intent To Kill With Malice Aforethought," rather than "Assault With Intent To Kill With Malice."

Thereafter, movant entered pleas to the above charges. Before it accepted the plea in the assault case, the court fully explained the amendment and on thirteen different occasions during the plea proceedings, referred to the offense and charge as "assault with intent to kill with malice aforethought." After accepting the plea, the court found defendant guilty.

The Supreme Court handed down the case of *Hardnett v. State,* 564 S.W.2d 852 (Mo. banc 1976) before the defendant entered his pleas. In *Hardnett,* the movant claimed "his sentence was in excess of the maximum prescribed by law for the offense for which he was convicted." *Id.* at 853. He based this claim on the variance found between the cover sheet which identified assault with intent to maim with malice and the body of the indictment which charged assault with intent to maim with malice aforethought. In *Hardnett,* the Supreme Court discussed the difference between the offenses of § 559.180, RSMo 1969, assault with intent to kill with malice aforethought, which carried a maximum sentence of life imprisonment, and § 559.190, RSMo 1969, assault without malice aforethought, which carried with it a maximum sentence of five years. The *Hardnett* court concluded that the defendant had, in fact, pled guilty to a charge under § 559.190, RSMo 1969. There, the court noted: "[T]here is no reference to malice aforethought anywhere in the plea of guilty proceedings, nor is the concept or element of malice aforethought referred to in any definitional terms alluded to in any respect."

■ Subsequent to *Hardnett,* our court has been confronted on several occasions with convictions wherein the original information or indictment properly charged assault with intent to kill with malice aforethought, but the caption referred to assault with intent to kill with malice, and the ultimate conviction was of assault with intent to kill with malice aforethought. *E. g., Duke v. State,* 608 S.W.2d 464 (Mo.App. 1980); *White v. State,* 606 S.W.2d 783 (Mo. App.1980); *Woods v. State,* 595 S.W.2d 752 (Mo.App.1980). In discussing the cases subsequent to *Hardnett,* we noted in *Duke* : "While hindsight tells us that more precise terminology ought to have been used, in each of those cases we held that the movant had been clearly charged with and convicted of violating § 559.180." 608 S.W.2d at 465–66. We so hold here.

Although the cases mentioned above involve jury trials wherein the court specifically instructed the jury on the offense charged, the captions in indictments and informations were identical to the original indictment in this case. Here, an information amending the caption was substituted for the original indictment. At the guilty plea hearing, the trial judge specifically explained the charge to the defendant, referring thirteen times to the offense of assault with intent to kill with malice aforethought. During his plea, defendant admitted facts sufficient to convict him of that charge, and the court ultimately found him guilty of assault with intent to kill with malice aforethought.

■ We are faced with totally different circumstances than those found in *Hardnett.* We conclude that the movant was properly indicted of the charge of assault with intent to kill with malice aforethought. The substitute information changed only the caption which was not material. Therefore, movant's conviction of assault with intent to kill with malice aforethought was valid. The consent to the amendment by movant's defense attorney in no way prejudiced defendant, and the same did not constitute ineffective assistance of counsel.

On appeal, movant also claims that the trial court erred in failing to vacate his conviction of murder in the second degree. This claim must fail. Movant argues his plea to the murder charge was induced solely by consideration of the concurrent sentence he was to receive on the assault charge. He maintains that because he was invalidly charged with assault with intent to kill with malice aforethought, both his assault and murder charges must be vacated. Our prior discussion of the assault with intent to kill with malice aforethought plea and conviction answers this allegation.

In his brief, movant raises other matters which he claims warrant him relief. We find no merit in these other contentions.

The court's determination as to the propriety of the pleas was not clearly erroneous. Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.