Harrison JOLLY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31645.

Missouri Court of Appeals,
Western District.

May 4, 1981.

**570**

William A. Mallory, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, John Ashcroft, Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The appeal comes from denial of a Rule 27.26 motion to set aside a conviction and sixteen-year sentence imposed upon a plea of guilty to assault with intent to rob with malice aforethought under [then] § 559.180. The motion contends that the plea was not voluntary and, also, that the sentence imposed was beyond the maximum allowed by law for the offense for which the defendant was convicted.

The gist of the first contention is that the plea of guilty to the offense of assault with intent to rob with malice aforethought was not voluntary because entered under the mistake that the information charged two separate offenses against him—robbery and assault—rather than a singular assault with intent to rob with malice aforethought. The *information charged assault with intent to rob with malice aforethought* in the usual language of § 559.180 [since repealed]. The statute punished that offense by imprisonment in the penitentiary for not less than two years. The defendant contends, as other evidence that the plea was not voluntary, that he was unaware that a less serious assault offense was also extant—assault with intent to rob [without malice] *punishable by imprisonment for not more than five years* [then § 559.190]. The sum of the contentions, then, is that the defendant was unaware of the actual charge against him; that he was unaware of a lesser statutory assault with intent to rob [without malice] than the one entered upon his plea; that he did not understand the sense of *malice aforethought,* and would not have pleaded guilty to an offense with that encompassed element. These contentions amount to a congeries of complaints that the inadequacy of legal advice resulted in a plea of guilty not free and voluntary.

The findings of fact by the court on the Rule 27.26 motion dispels the contentions. The record of the plea of guilty is substantial to support that the court pointedly inquired into the understanding of the defendant as to the nature and definition of assault with intent to rob with *malice aforethought* and that the defendant voluntarily admitted guilt to that precise offense. The other assertions are contradicted—and implicitly rejected by the court—by evidence that the existence of two degrees of assault with intent to rob were discussed with counsel and that, with full awareness of the accusation against him, the defendant bargained the plea for a sentence of sixteen years rather than the possibility of life imprisonment from a trial by jury.

The other contention is that, as a matter of law, the plea of guilty resulted in a conviction for assault with intent to rob [without malice aforethought] under then § 559.190 and a maximum punishment of five-years imprisonment, so that the sentence for sixteen years imposed by the judgment of conviction may not stand. The argument derives from these circumstances: The information against the defendant bore the caption: *Assault With Intent To Rob 559.-180*[1]. The body of that formal accusation nevertheless charged, in express terms, an *assault with intent to rob with malice aforethought.* The formal entry of judgment, however, records that the plea of guilty was to *assault with intent to rob* [without malice aforethought]—unspecified

---

1. Assault with intent to rob [without malice] was defined and punished by then § 559.190. Assault with intent to rob with malice aforethought was defined and punished by then

§ 559.180. Thus, the caption of the information correctly designated the statutory section under which sentence was imposed but not the full designation of the offense.

as to statutory section. The sentence imposed upon the plea was imprisonment for sixteen years, a punishment prescribed for a conviction under § 559.180 for *assault with intent to rob with malice aforethought*, but beyond the range of punishment authorized under § 559.190 for *assault with intent to rob* [without malice aforethought]. The defendant argues that, the caption of the information and the judgment considered, the plea proceedings culminated in a conviction for *assault with intent to rob* [without malice aforethought] under § 559.190, so that the sixteen-year term imposed—beyond the five-year maximum that statute allows—was an unlawful sentence subject to collateral attack.

The defendant cites *Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1978) to support contention. *Hardnett* vacated a sentence for a six-year term entered on a conviction for assault with intent to maim with *malice aforethought* under then § 559.180 where the information cover sheet, and the plea interrogation, and the formal judgment recital—all described the substantive offense as assault with intent to maim *with malice*. The only mention of *malice aforethought* was in the text of the indictment. The court construed the offense charged as an assault with intent to maim [*without malice aforethought*] under § 559.190, so as to require vacation of that sentence imposed in excess of the five-year maximum authorized by that statute. *Hardnett* observed that the allusion to *with malice aforethought* notwithstanding, [l.c. 853–4]: "Nowhere in the plea proceedings is the offense charged or to which appellant pled guilty identified as an assault 'with malice aforethought.'" That lapse, however, did not mark the proceedings under review. Not only did the information against the defendant charge, in terms, a plenary offense under § 559.180 of *assault with intent to rob with malice aforethought*, but the inquiry by the court, and the understanding responses of the defendant, attest to the voluntary plea of guilty to that precise charge:

> The Court: Harrison Jolly, having heretofore entered a plea of guilty to the *offense of assault with malice aforethought with intent to rob as charged by 559.180*, revised Statutes of this State, the Court now fixes your punishment as [sic] 16 years in the Missouri Department of Corrections. Is there any legal cause why judgment and sentence should not be pronounced? [emphasis added]

Mr. Jolly: No, sir.

 That the formal entry of judgment by the clerk recites a plea of guilty to assault with intent to rob [without malice aforethought] does not alter the effect of the judgment actually pronounced by the court. It is an error subject to correction by an order nunc pro tunc. *Benson v. State*, 611 S.W.2d 538, 546[7, 8] (Mo.App. 1980). Nor does the omission of *with malice aforethought* from the caption of the information nullify the charge of substantive offense fully recited in the body of that instrument. The caption of the information does not form a part of the charge of the offense. *State v. Cunningham*, 380 S.W.2d 401, 403[6–9] (Mo.1964).

The judgment is affirmed.

All concur.