698 F.2d 925
 Jackey Don WATSON, Appellant,
v.
Donald WYRICK and/or Carl White; Gerald Fry,
Superintendent, Missouri Eastern Correctional
Center, and William R. Turner,
Superintendent of Renz Farm, Appellees.
 No. 82-1255.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 15, 1982.
Decided Dec. 17, 1982.
Rehearing and Rehearing En Banc Denied Jan. 19, 1983.
 
 John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellees.
 Springfield Baldwin, St. Louis, Mo., Court-appointed for Jackey Don Watson.
 Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Jackey Don Watson appeals the denial of his petition for writ of habeas corpus on the grounds that his guilty plea was not made knowingly and voluntarily, and that he received ineffective assistance of counsel. We affirm.
 
 
 2
 Watson was charged by indictment in March, 1977 with violating former Mo.Rev.Stat. Sec. 559.180 (repealed 1979), which prohibited assault with intent to maim or kill with malice aforethought.[1] Although the charge in the indictment referred to section 559.180 and stated that Watson assaulted the victim with malice aforethought, the offense on the back of the indictment was captioned "assault with intent to kill with malice." After the indictment was issued, the Missouri Supreme Court decided Hardnett v. State, 564 S.W.2d 852 (Mo.1978), which involved a somewhat similarly worded indictment. The court in that case held that the failure to clarify the exact nature of the charge to the defendant during the plea proceedings resulted in lack of constitutional notice and barred the court from sentencing defendant for the crime of assault with malice aforethought.[2] Following the announcement of the Hardnett decision, the state filed a substitute information in lieu of a second indictment specifying the charge against Waston as "assault with intent to kill with malice aforethought."[3] Defense counsel filed a motion to dismiss on the ground that the information charged Watson with a different offense. It appears that this motion was never ruled on by the court.
 
 
 3
 In July, 1978 Watson pleaded guilty to the offenses charged in the substitute information. During the proceeding, and in the presence of Watson, defense counsel discussed with the court the addition of the word "aforethought" to the caption of the information and acknowledged that the offenses charged in the indictment and the information were identical. The court then asked Watson if he understood that he was charged with "assault with intent to kill with malice aforethought" and that the range of punishment was two years to life, to which questions Watson responded affirmatively. Watson was further advised of the constitutional rights he would waive by pleading guilty and was exhaustively questioned concerning his understanding of these rights and of the consequences of pleading guilty. Throughout the proceeding, the charge was repeatedly referred to as assault with "malice aforethought."
 
 
 4
 Watson now asserts that because he was not informed prior to the plea proceeding that a substitute information had been filed and that defense counsel had filed a motion to dismiss, his plea was not knowing and voluntary, and that he received ineffective assistance of counsel. We find these contentions without merit.
 
 
 5
 Watson relies on Hardnett v. State, supra, for the proposition that the information charged him with a more severe offense than did the indictment, thus rendering his guilty plea involuntary and unknowing. In that case, however, the offense charged was referred to throughout the plea and sentence proceedings as assault "with malice." Unlike the defendant in Hardnett, Watson was fully informed by the information and by the court concerning the precise nature of the charge and the applicable range of punishment. The circumstances surrounding Watson's plea were thoroughly examined by the sentencing court through extensive questioning of both Watson and defense counsel, and the court fully instructed Watson concerning the significance of his plea. We are satisfied that his guilty plea was knowing and voluntary.
 
 
 6
 Moreover, we conclude that defense counsel's alleged failure to inform Watson of the substitute information and motion to dismiss did not render his plea involuntary, nor did it deprive him of effective assistance of counsel. Although the better practice might suggest more comprehensive communication, counsel's failure to discuss these matters with Watson did not result in any prejudice, particularly since, under Missouri law, a defendant has no right to be charged by indictment rather than by information. See Mo.Rev.Stat. Sec. 545.010.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Watson was also charged in the indictment with burglary and was separately charged with murder
 
 
 [2]
 Instead, sentence was limited to the range applicable to former Mo.Rev.Stat. Sec. 559.190, which governed assaults other than those committed with malice aforethought
 
 
 [3]
 The description of the charge in the information was identical to the description in the indictment. It appears that the substitute information was filed instead of a second indictment at least in part in order to alleviate defense counsel's concern about possible difficulties in posting bond