James CREED, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11288.

Missouri Court of Appeals,
Southern District.
En Banc.

Dec. 17, 1979.

George M. Johnson, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Donna G. Bowles, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

In his Rule 27.26[1] motion filed in the Circuit Court of Wright County, movant sought to vacate a ten-year sentence imposed by that court on July 7, 1977, when movant (then defendant) entered a plea of guilty to a felony charge of stealing property of another of the value of over $50.

§§ 560.156–2 and 560.161–1(2). Following an evidentiary hearing, the court made findings of fact and conclusions of law [Rule 27.26(i)] and overruled the motion. Movant appealed.

In this appeal movant's sole point relied on reads: "The trial court erred in overruling appellant's motion to vacate in that appellant was not informed of the charge against him because neither of the necessary elements of theft by deceit or without the owner's consent was included in the information filed against him and to which he pled."

The point relied on is not self-sufficient for understanding, and thus has been penned in disregard of the mandatory requirements of Rule 84.04(d), equally applicable to civil and criminal cases. Rule 28.18; *State v. Brown*, 535 S.W.2d 606[1] (Mo.App.1976).[2] Nevertheless, to comprehend the intendment of the point we gratuitously, and beyond duty, look to the involved information and statute.

In part, the information to which movant pleaded guilty reads: ". . . that [movant] on or about the 20th day of April, 1977, . . . did then and there wilfully, unlawfully, and feloniously steal, take and carry away one .22 Marlin lever action rifle of the value of over $50.00 of one Gale Garner, then and there being with the intent to. permanently deprive the owner of the use thereof and to convert the same to his own use . . . ." § 560.156–2 provides: "It shall be unlawful for any person to intentionally steal the property of another, *either without his consent or by means of deceit.*" (Emphasis supplied). The gist of movant's contention on appeal is that as the information did not charge the alleged stealing was either without the consent of the owner or occurred by means of deceit (as provided in § 560.156–2) there was no guilty plea made to a proper charge and, consequently, the court imposing the sentence was without jurisdiction to do so.

---

1. References to rules and statutes are to Missouri Supreme Court Rules of Criminal and Civil Procedure, V.A.M.R., and to RSMo 1969.

2. Albeit Rule 27.26 is included among the "Rules of Criminal Procedure", section (a) thereof proclaims that "A motion filed hereunder is an independent civil action . . . .."

*State v. DiLiberto*, 537 S.W.2d 671, 672[1, 2] (Mo.App.1976).

While it is true the information did not in express terms charge that the act of stealing was committed either without the owner's consent or by means of deceit, it does state that movant (then defendant) "did then and there wilfully, unlawfully, and feloniously steal, take and carry away" a rifle of another. "The word 'steal' itself imports a wrongful taking and appropriation of the property of another to the taker's own use and benefit, and thus is defined as meaning to take and carry away feloniously; to take without right or leave and with intent to keep wrongfully; to take or appropriate without right or leave, and with intent to keep or make use of wrongfully; to take and carry away property of another with the felonious intent to deprive the owner thereof, and to appropriate it to one's own use; the felonious taking and carrying away personal goods of another." 82 C.J.S. "Steal", pp. 1037–1038. Thus, when the information averred that movant "did then and there wilfully, unlawfully, and feloniously steal, take and carry away" the property of another, it meant that he took it without right or leave and with the intent to keep the property wrongfully. A taking without right or leave, and with an intent to keep wrongfully, is obviously a taking without the consent of the owner. An attack upon the sufficiency of the information for failure to use the precise words of the statute in this regard when raised for the first time after verdict or a plea of guilty, must be disallowed. *State v. Zammar*, 305 S.W.2d 441, 445–446[7, 8] (Mo. 1957); *Paxton v. State*, 565 S.W.2d 750, 752[2] (Mo.App.1978).

Judgment affirmed.

All concur.

