Michael GREENE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31426.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 2, 1981.

Application to Transfer Denied
April 6, 1981.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., and SHANGLER, PRITCHARD, SWOFFORD, SOMERVILLE, DIXON and MANFORD, JJ.

PRITCHARD, Judge.

On September 22, 1976, appellant was convicted of two charges of assault with intent to kill "with malice", and was sentenced, on October 8, 1976, to fifteen years imprisonment in the Division of Corrections on each charge, to run consecutively.

On July 26, 1979, appellant, pursuant to Rule 27.26, filed a motion to reduce or modify sentence. That motion was later amended [its filing date not being shown] to allege, as grounds to reduce or modify sentence, "(1) The verdict was unduly harsh in view of the evidence; (2) The verdict is unduly harsh in the light of the adjustment and progress defendant has made in the penitentiary; (3) The verdict remains unduly harsh in light to defendant's changed family situation which includes the birth of a child since he has been institutionalized; (4) Defendant was convicted of assault with intent to kill with malice in both cases, not malice aforethought, and consequently his sentence on each case cannot be more than five years. *Hardnett v. State*, 564 S.W.2d 852 (Mo.)." Items 1 through 3 in the motion were withdrawn during hearing, at the close of which the court overruled the amended motion's remaining ground (4).

On this appeal as Point I, ground (4) of the remaining grounds is presented, but in addition, for the first time raised, Point II presents as an issue that the jury was not selected from a fair cross section of the community, in that women were systematically excluded from jury service by reason of permitting them an automatic exemption. Again for the first time raised, Point III asserts that the hearing court erred in concluding that his [constitutional] right to effective assistance of counsel in perfecting his appeal was not violated, because evidence advocating this ground for relief could not have been presented to the hearing court in that appellant's trial counsel was his 27.26 hearing counsel.

■ As to the Point II issue, that the jury was not selected from a fair cross section of the community, in that women were systematically excluded from jury service, there was no issue presented to the trial court in the Rule 27.26 motion, and there was no evidence produced at any time during the trial or in this Rule 27.26 proceedings. Appellant makes no claim that the matter should be considered as plain error, but even if he had, it would not avail him any relief. It was said in *State v. Mountjoy*, 585 S.W.2d 98, 102[6] (Mo.App. 1979), where the issue was not presented to the trial court in a timely motion to quash the panel, "The trial court was not obliged to act sua sponte to strike the jury panel and failure to raise the question then precludes the relief now sought." See also *State v. Williamson*, 584 S.W.2d 628, 630[5] (Mo.App.1979), where defendant raised in his brief, for the first time as here, error in selecting the jury panel, and it was held that *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), did not aid defendant where no timely motion to quash the jury panel was filed. See also *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980) [No. WD 31465], holding, "Under the settled principle of waiver by failure to make proper and timely objection, no *Taylor v. Louisiana* [419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)] claim can be made to a Missouri jury seated prior to *State v. Duren* [556 S.W.2d 11 (Mo. banc 1977)], absent a proper and timely objection. Whether the claim is asserted on direct appeal, or in a subsequent Rule 27.26 proceeding, the failure to make a timely and proper objection bars review. The instant case, without more, would be decided by the foregoing." The foregoing cases rule the issue of Point II, and it is overruled.

■ The same treatment must be accorded appellant's Point III because nothing was presented to the trial court in the Rule 27.26 motion concerning ineffective assistance of counsel in any respect. *Atkins v. State*, 549 S.W.2d 927, 931 (Mo.App.1977); *Baker v. State*, 583 S.W.2d 190, 191 (Mo. App.1979); and see *Fritz v. State*, 449 S.W.2d 174, 177 (Mo.1970).

■ As to the first point, ground (4) of the motion, the facts are these: The indictments in each case charged that appellant, on purpose and of his malice aforethought, shot the victims with a shotgun with intent to kill them. Instructions were given the jury in each case using the words that the acts were done with "malice aforethought." Instructions on verdict forms were also given in each case that the acts were done "without malice", but the jury did not use

these forms. The jury did use these forms, each signed by the foreman: "As to the charge where Willie Heath was the victim, we, the jury, find the defendant Michael Greene guilty of assault with intent to kill with malice as submitted in Instruction No. 13", and "As to the charge where Steven Bolger was the victim, we, the jury, find the defendant Michael Greene guilty of assault with intent to kill with malice as submitted in Instruction No. 7." As noted, both instructions Nos. 13 and 7 authorize a finding that the acts were done "with malice aforethought—that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time." Considering the indictments all of the instructions which gave the jury options to find "malice aforethought" or "without malice" concerning the assaults, and the verdict forms which referenced the correct instructions on "malice aforethought", it is clear that the jury intended to find appellant guilty of the greater offense of assault. The trial court did not err in so finding.

*Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1978), relied upon by appellant, does not aid him. There, a plea of guilty was entered on an indictment charging an assault with malice aforethought, but nowhere in the plea proceedings was the offense charged or to which the appellant pleaded guilty identified as an assault "with malice aforethought", hence the court ordered him resentenced to the lesser punishment limit of § 559.190, RSMo 1969, because the judgment did not show a conviction of assault with intent to maim with malice aforethought (§ 559.180). Here, as noted, the distinguishing feature is that the jury instructions referenced the instructions authorizing a finding of assaults with intent to kill with malice aforethought. See *State v. Cook*, 463 S.W.2d 863 (Mo.1971); and the analogous case of *Lee v. State*, 591 S.W.2d 151 (Mo.App.1979).

■ The clerk's entry of judgments of the court, certified in the record below, recites that defendant was convicted by a jury of the charge of assault with intent to kill with malice, and the jury's punishment of 15 years imprisonment in accordance for that offense "with malice." As noted above, the jury's verdicts referenced appropriate instructions authorizing a finding of assault "with malice aforethought". The court's judgments must follow the verdicts of the jury. Although there is a technical deficiency in the clerk's entry (if that accurately reflects the entry of judgment), it must be deemed that the judgments in these two cases followed the verdicts. And, as suggested by respondent, the trial court would not be authorized to enter a judgment for a lesser offense than found by the jury.

The judgment is affirmed.

All concur.