Leo Willard **BALLARD**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 31616.

Missouri Court of Appeals, Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 1981.

Application to Transfer Denied June 8, 1981.

Stephen W. Mendell, Asst. Public Defender, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., WASSERSTROM, C. J., and NUGENT, J.

WASSERSTROM, Chief Judge.

Appellant (hereinafter referred to as "defendant") was convicted of burglary first degree and assault with malice aforethought, the latter being under Section 559.180 RSMo 1969.[1] On direct appeal, this court reversed the burglary conviction but affirmed the conviction for assault. *State*

---

1. Section 559.180 and the related Section 559.190, as well as Section 556.280, hereinafter referred to, were repealed by Laws of 1977.

*v. Ballard*, 554 S.W.2d 459 (Mo.App.1977). Thereafter, defendant filed a motion to set aside the sentence under Rule 27.26. The trial court denied the motion, and defendant appeals. We affirm.

For his first point on appeal, defendant challenges the sufficiency of the jury verdict to support conviction under Section 559.180, in that the jury did not specifically state in its verdict that it found defendant guilty of malice *aforethought*. In considering the form of this verdict, attention must be given to the surrounding facts shown of record.

The first such fact is the language of the information which charges under Count II that defendant "did willfully, unlawfully and feloniously with malice aforethought assault one Gary Huffman. . . ." Further to be considered is Instruction 7 which directed the jury to find defendant guilty under Count II if it found that defendant beat Huffman with a club and "that the assault was made with malice aforethought—that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time . . . ." Still further to be considered is Instruction No. 8 which directed the jury that if it did not find defendant guilty of assault with malice aforethought as submitted in Instruction No. 7, then under certain lesser findings it might find defendant guilty of assault to do great bodily harm without malice aforethought [under Section 559.-190].

▪ The language of the jury verdict in this case on Count II was as follows: "As to count II, we, the jury, find the defendant Leo W. Ballard guilty of Felonious Assault With Malice *as submitted in Instruction No. 7.*" (emphasis added). Under virtually identical facts, similar verdicts have been upheld, and *Hardnett v. State*, 564 S.W.2d 852 (Mo.banc 1978)—upon which defendant heavily relies—has been distinguished. *Greene v. State*, 612 S.W.2d 430 (Mo.App. 1981); *Duke v. State*, 608 S.W.2d 464 (Mo.

App.1981); *Swinney v. State*, 613 S.W.2d 686 (Mo.App.1981); *Hudson v. State*, 612 S.W.2d 375 (Mo.App.1980). Defendant's first point is overruled pursuant to those decisions.

For his second point on appeal, defendant contends that the trial court lacked jurisdiction to sentence him under the second offender act, Sec. 556.280, because of insufficient evidence to show a prior conviction. The prior conviction upon which the prosecution relies is stated in the information as follows: "[O]n January 18, 1967, Leo W. Ballard plead [sic] guilty to the charges of Burglary 2 and Stealing, felonies, said offenses being punishable by imprisonment in the Department of Corrections, Jefferson City, Missouri, for a period of two years on each count, and the said Leo W. Ballard was subsequently imprisoned therefore." In support of that allegation, the prosecutor introduced two judgment entries of the Buchanan County Circuit Court dated January 1967, which recite that the defendant Leo "Pete" Ballard entered pleas of guilty to burglary second degree and stealing, for which the court assessed punishment at two years for each burglary and two years for each burglarious stealing, the sentences to run concurrently.[2] The first judgment entry, however, goes on as follows:

"Comes now the defendant by his said counsel and makes Oral Motion for Stay of Execution for one week.

"Now here the Court sets aside the order heretofore entered of record and said order is now declared null and void and the Court stays imposition of sentence until January 25, 1967, at 10:00 O'Clock, A.M.

The second judgment entry reads substantially the same.

▪ Defendant argues that because of the provision just quoted, the judgment entries are deprived of any validity and leave the State with a complete lack of proof that he had been previously convicted in 1967. This contention ignores the fact that the

2. Defendant argues in passing that these records were not properly certified pursuant to Sec. 490.130, RSMo 1969. The legal file shows

otherwise. In any event, such complaint would relate to mere trial error, not cognizable under Rule 27.26.

**592**

prosecution, in addition to introducing the judgment entries just referred to, also introduced the penitentiary serial record which shows that defendant was sentenced in the Buchanan County Circuit Court to a two-year term (2, 2, 2 and 2 concurrent) for burglary and stealing, on January 25, 1967. It will be observed that the sentencing date as shown in the serial record coincides with the date shown in the Court record as the date to which sentencing had been deferred at the defendant's request. When these documents are considered in conjunction, there can be no doubt about defendant having been duly sentenced, pursuant to his plea of guilty, on January 25, 1967.

■ Defendant also complains that his name as it appears in this proceeding, Leo Willard Ballard, differs from the name of the defendant in the 1967 proceeding which was Leo "Pete" Ballard. He therefore argues that the State has failed to prove that he is one and the same person as the defendant who was convicted in 1967.

The only difference consists of the middle name, which has been said to be of little legal significance. *State v. Cook*, 463 S.W.2d 863 (Mo.1971); *State v. Warren*, 579 S.W.2d 723 (Mo.App.1979). Furthermore there was evidence at the principal trial that defendant does use the nickname "Pete." Moreover, the evidence at the principal trial was replete with reference to defendant's wife, Bonnie, and the serial record of the 1967 Penitentiary term discloses the prisoner's wife's name as "Bonnie." Still further, the penitentiary serial record contains a physical description of the prisoner, which the trial court had before it and could compare to the physical appearance of defendant as he appeared at the time of the trial of this case.

■ When the name which appears in a prior conviction contains a variance from the name of the defendant on trial, some additional evidence is generally required in order to prove identity of the defendant on trial with the person previously convicted. However, evidence of the type just referred to suffices for that purpose. *State v. Larkins*, 518 S.W.2d 131 (Mo.App.1974); *State*

*v. Brannom*, 539 S.W.2d 747 (Mo.App.1976) and cases there cited.

Defendant's second point is overruled.

There being no merit in any of defendant's contentions, the judgment is affirmed.

All concur.