**James CREED, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 12257.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 26, 1981.

Richard T. Martin, Martin & Harned, Gainesville, for movant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

On July 7, 1977, defendant, James Creed, entered a plea of guilty in the Circuit Court of Wright County to the felony charge of stealing property of another of the value of over $50. The trial court imposed a sentence of 10 years. After defendant was incarcerated, he filed a Rule 27.26 [1] motion to vacate his sentence. After an evidentiary hearing, the trial court denied the motion.

On appeal, defendant contended that the trial court erred in denying the motion because the information filed against him did not charge that the alleged stealing was either without the consent of the owner of the property or occurred by means of deceit; that, therefore, there was no guilty plea to a legal charge and, consequently, the court imposing sentence had no jurisdiction to do so. This court affirmed the judgment of the trial court. *Creed v. State*, 591 S.W.2d 743 (Mo.App.1979).

Defendant then filed a second 27.26 pro se motion claiming ineffective assistance of his trial counsel, and of his counsel on appeal of the denial of his first 27.26 motion. The trial court appointed counsel for defendant. The 27.26 motion was amended by defendant's counsel to include the complaint that the felony *information charging*

defendant with stealing was not filed by a duly elected or appointed prosecutor, and, therefore, the information was void on its face. He contended that the trial court had no jurisdiction to accept defendant's plea of guilty to a void information.

The trial court held an evidentiary hearing on the amended motion. The prosecuting attorney and defense counsel stipulated that the information charging defendant with felony stealing had been filed with the circuit clerk of Wright County on June 6, 1977, had been signed by Phillip S. Huffman and that on July 7, 1977, the date when defendant entered his plea to the charge, the court appointed Mr. Huffman as special prosecutor in the case. The record indicates that Mr. Huffman had been appointed as special prosecutor in the case when it was at the magistrate court level. There was no duly elected or appointed prosecuting attorney in Wright County at that time, or at the time the information was filed in the circuit court. No other evidence was presented by defendant or the state.

After the hearing, the trial court entered findings of fact, conclusions of law and judgment. The findings and conclusions recited that, since defendant had presented no evidence in support of the ineffective assistance of counsel issue, the original motion was denied. As to the amended motion, the trial court observed that defendant could have raised the jurisdictional issue in his first 27.26 motion and, having failed to do so, was foreclosed from raising the point in a successive motion. In other words, defendant was not entitled to two bites from the same apple. Judgment was entered denying the motion and this appeal followed. We agree with the findings, conclusions and judgment of the trial court.

Rule 27.26(d) specifically provides that the sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner when the ground presented in the subsequent application was raised and determined adversely to the ap-

---

1. Rules are to Missouri Rules of Court, V.A. M.R.

plicant on the prior application, or where the ground presented is new but could have been raised in the prior motion. The rule also provides that the burden is on the prisoner to establish that any new ground raised in the second motion could not have been raised by him in the prior motion.

There is nothing in the record here to show why defendant could not have raised the jurisdictional issue the first time around. There is nothing in the record to show defendant had ineffective assistance of counsel at the trial or appellate level. He failed to maintain his burden of proof.

The judgment of the trial court is based on findings of fact and conclusions of law that are not clearly erroneous. An extended opinion would have no precedential value.

The judgment is affirmed. Rule 84.16(b).

All concur.