Roger L. BRAGER, Appellant,

v.

STATE of Missouri, Respondent.

No. 32618.

Missouri Court of Appeals,
Western District.

Nov. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 8, 1981.

Vance C. Preman, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and DIXON and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Roger L. Brager, hereinafter sometimes called "defendant", appeals from the order of the circuit court of Jackson County entered after evidentiary hearing overruling his Rule 27.26 motion to vacate his conviction and sentence for assault with intent to kill with malice aforethought. We affirm.

Brager first challenges the order overruling his motion on the basis that the sentence imposed was in excess of the maximum authorized by law. He contends in his second point, that the jury instructions did not properly define "aforethought".

Brager was charged by information with commission of assault with intent to kill with malice aforethought. A jury found him guilty and sentenced him to twenty-five years. The Missouri Supreme Court affirmed the conviction. *State v. Brager,* 497 S.W.2d 181 (Mo.1973). The primary ground for relief in this the defendant's fifth post-conviction motion is predicated

upon a decision by the Missouri Supreme Court, *Hardnett v. State*, 564 S.W.2d 852 (en banc 1978), handed down after the four previous motions. After a hearing at which defendant offered only evidence from the court record, a copy of the *Hardnett* opinion and argument, the trial court overruled the motion.

■ The scope of review on appeal is limited to a determination of whether the trial court's findings, conclusions and judgment are clearly erroneous. Missouri Supreme Court Rule 27.26(j), *Fields v. State*, 596 S.W.2d 776, 777 (Mo.App.1980).

The thrust of Brager's first argument is that he was found guilty of "assault with intent to kill with pistol with malice" and not "with malice aforethought". The former entails a conviction under § 559.190 [1], with a maximum punishment of five years whereas the latter carries with it a punishment of not less than two years under § 559.180. If Brager was convicted under § 559.190 rather than § 559.180, his sentence would indeed be excessive. The crucial distinction between the crimes is the element of malice aforethought, required for conviction under § 559.180 but not required under § 559.190.

■ To bolster his contention that his conviction was for the lesser offense of assault, Brager places great weight on the fact that the word "aforethought" was omitted from the record entry of the judgment and sentence. He concedes, however, that he was charged with assault with intent to kill with malice aforethought. Furthermore, the verdict-directing instruction charged the jurors to find the defendant guilty of assault with intent to kill with malice aforethought if they believed that he had committed an assault "with a dangerous and deadly weapon, to-wit: a revolver, with felonious intent, and on purpose with aforethought to kill or do great bodily

harm." The instructions to the jury defined the word "aforethought". The verdict forms included the word "aforethought", and the jury foreman wrote out the verdict in longhand: "We, the jury, find the defendant, Roger Brager, guilty of Assault with Intent to Kill with Malice Aforethought as charged in the information . . . ." Finally, at the sentencing hearing, the court referred to the imposition of sentence "in accordance with said verdict". All of these facts establish that Brager was convicted of the greater offense. *Lee v. State*, 591 S.W.2d 151, 152–53 (Mo.App. 1979).

Moreover, Brager's contentions are contrary to the recent decision of this court in *Greene v. State*, 612 S.W.2d 430 (Mo.App. 1981). There the appellant argued that he had been convicted in two cases of assault with intent to kill with malice, not malice aforethought. The indictments charged that he had shot the victims with malice aforethought, the instructions authorized a finding that the acts were done with malice aforethought, and the verdict forms referred to the instructions (although the forms themselves did not use the words "malice aforethought"). Therefore, this court held that the record made clear the jury's intent to find the defendant guilty of the greater offense of assault. *Greene, supra*, at 432. *Accord, Ballard v. State*, 615 S.W.2d 589, 591 (Mo.App.1981); *Swinney v. State*, 613 S.W.2d 686, 687–89 (Mo.App. 1981); *Hudson v. State*, 612 S.W.2d 375, 376–77 (Mo.App.1980); *Duke v. State*, 608 S.W.2d 464, 465–66 (Mo.App.1980).

Brager relies solely on *Hardnett v. State, supra*. The appellant there pleaded guilty to an indictment charging assault with malice aforethought. Malice aforethought was not mentioned in the plea proceedings. The judgment showed a conviction for assault with intent to maim with malice, which, the court held, was not interchangeable with

---

1. Unless otherwise noted, all subsequent references to statutes will be to Missouri Revised Statutes, 1969 (repealed).

malice aforethought. The error was in failing clearly to identify the offense to which the defendant pleaded guilty. Hence, the court ordered him resentenced in accordance with § 559.190.

■ In the case at bar, defendant did not plead guilty. The judgment made an unambiguous reference to the verdict of the jury which included the word "aforethought" and itself made reference to the verdict directing instruction (authorizing a finding of guilt on the greater offense) and the information (charging the greater offense). No real question appears as to the jury's intent to find Brager guilty of assault with intent to kill with malice aforethought, and the trial court's sentence of twenty-five years was in accordance with the verdict. The record does not support a finding that Brager was convicted of the lesser charge of assault. *Swinney v. State, supra,* at 689.

■ The trial court carefully and explicitly distinguished this case from *Hardnett* in its order overruling the motion to vacate. It considered the charge in the body of the information, the jury instructions, the wording of the verdict, and the statements of the court at sentencing, and it found that the defendant was convicted of the greater offense of assault. The court's judgment must follow the verdict of the jury, regardless of technical deficiencies in the entry. *Greene v. State, supra,* at 432. The trial court is not authorized to enter a judgment for a lesser offense than found by the jury. *Id.* That court correctly overruled Brager's motion to vacate his conviction and sentence.

■ Under Rule 29.12, the trial court has the power to correct clerical mistakes in judgments and other parts of the record arising from oversight or omission. This is an instance in which the trial court can and should exercise that power. *State v. Cheesebrew,* 575 S.W.2d 218, 225 (Mo.App.1978). Accordingly, we direct the trial court to

correct the record entry to reflect that defendant was convicted and sentenced for the greater offense of assault.

■ Brager's second point on appeal is that the verdict directing instruction incorrectly defined the essential element of "aforethought" as "thought of beforehand for any length of time, however short." This point is not an appropriate ground of a motion under Rule 27.26. Moreover, Brager asserts this question for the first time on this appeal. He did not raise it on the fifth motion; nor did he raise it in any of his previous motions, *Brager v. State,* 586 S.W.2d 397 (Mo.App.1979), or on his direct appeal. *State v. Brager,* 497 S.W.2d 181 (Mo.1973). On procedural grounds, therefore, the point does not merit review.

■ Substantively, the second point is also devoid of merit. In the first place, claims of error in the instructions cannot be raised in a 27.26 motion. Rule 27.26(b); *Jackson v. State,* 558 S.W.2d 816, 818 (Mo. App.1977); *Brown v. State,* 492 S.W.2d 762, 763 (Mo.1973). Secondly, even if we were to consider the issue, we find no support for the proposition that the word "aforethought" was improperly defined.

The definition of "aforethought" used in a number of cases surfacing as a result of the *Hardnett* decision is identical to the definition used here. *Ballard v. State, supra,* at 591; *Swinney v. State, supra,* at 687; *Greene v. State, supra,* at 432; *Hudson v. State, supra,* at 377; *Duke v. State, supra,* at 465. *State v. Wraggs,* 496 S.W.2d 38, 40 (Mo.App.1973), defined "aforethought" as "thought of beforehand, for any length of time, however short."

Brager relies on *State v. Venable,* 177 S.W. 308, 309 (Mo.1915), where the court defined malice aforethought as "malice with premeditation; that is, that the unlawful act intentionally done was determined upon before it was executed." The defendant's proposed definition of "aforethought" does not differ in any significant way from that used in the instruction here.

"Thought of beforehand" and "determined upon before" are, in this context, synonymous. Therefore, we find no error in the trial court's definition of aforethought.

Accordingly, we affirm the judgment with directions that the trial court amend the record entry to show Brager's conviction and sentence for the offense of assault with intent to kill with malice aforethought in violation of § 559.180.

All concur.