**Leonard Truman WENDEL,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12567.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 9, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied April 23, 1982.

Application to Transfer
Denied May 17, 1982.

Scott E. Walter, Public Defender, Benton, for movant-appellant.

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant filed his *second* Rule 27.26[1] motion August 24, 1981, wherein he sought to vacate an August 8, 1969, "Sentence and Judgment" pronounced and entered on movant's, then defendant's, plea of guilty to the charge of felonious assault with malice aforethought as denounced by § 559.180. The criminal sentence imposed was imprisonment for "Six (6) years." On December 10, 1981, without evidentiary hearing, the court nisi made and entered its findings of fact, conclusions of law and judgment wherein the second Rule 27.26 motion was denied and dismissed with prejudice. Movant has appealed.

■ The six-year sentence imposed August 8, 1969, had been served long before movant's second Rule 27.26 motion was filed in August 1981. Postconviction relief under Rule 27.26 is not available to a movant who has served the sentence attacked before filing his motion. *Peterson v. State*, 476 S.W.2d 608, 609–610[1] (Mo.1972). Consequently, the trial court had no jurisdiction to entertain the motion and did not err in denying it without a hearing. *Davis v. State*, 518 S.W.2d 467, 468[1] (Mo.App.1975). Furthermore, while we are not advised of the grounds for relief presented in the first Rule 27.26 motion filed by movant, Rule 27.26(d) provides a sentencing court shall not entertain a second motion where the ground presented therein "is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule." We accept the circuit court's findings, conclusions and judgment herein that the matter raised in the second motion "could have been raised in the previous 27.26 Motion that was overruled." *Creed v. State*, 623 S.W.2d 621, 622–623 (Mo.App. 1981).

■ As noted, the 1969 information charged movant with and he pleaded guilty to felonious assault with malice aforethought and was sentenced to six years. Because the 1969 sentence and judgment did not explicitly contain the words "malice aforethought," movant's astute counsel on appeal asseverates the movant's sentencing was actually made under § 559.190 ("Felonious assault without malice aforethought"), the maximum penalty for which was imprisonment not to exceed five years. The lawyer urges that we should treat the Rule 27.26 motion on appeal as a writ of error coram nobis and expunge the 1969 conviction because of the excess punishment imposed. Cases cited to this point involve convictions of or pleas of guilty to particular crimes and sentences imposed for wholly unrelated crimes and are not germane nor helpful here and ignore the fact the 1969 sentence and judgment was predicated, in part, upon the judgment recital that movant's plea was made to the crime "as charged in the amended information." This recital, referring specifically to the information charging violation with "malice aforethought" in contravention of § 559.-180, in our opinion, renders counsel's present urgings untenable. See *Ballard v. State*, 615 S.W.2d 589, 591[1] (Mo.App.1981).

Judgment affirmed.

BILLINGS, P. J., FLANIGAN, J., and MAUS, C. J., concur.

---

1. References to rules and statutes are to Missouri Rules of Court, V.A.M.R., and to RSMo 1969.