**John C. DALY, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 44693.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

William J. Shaw, Public Defender, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRANDALL, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. In 1960 movant was convicted of robbery. This conviction was used to enhance his punishment under the Second Offender Act (§ 556.280, RSMo 1969) for the challenged

convictions in 1975 of two counts of robbery first degree by means of a dangerous and deadly weapon. In his motion, movant alleges that the 1960 conviction was invalid because he was denied assistance of counsel on appeal from that conviction. Movant also alleges that his counsel at the 1975 trial was ineffective for failing to object to the use of the alleged invalid 1960 conviction for enhancement of movant's punishment.[1]

Movant was the only witness at the hearing on the motion. The only evidence of movant's desire to appeal and his inability to secure counsel to aid him in his appeal was his own testimony which the trial court rejected as "incredible." The credibility of witnesses even where their testimony is uncontradicted is within the exclusive province of the trial court. *Johnson v. State*, 615 S.W.2d 502, 505 (Mo.App. 1981). The trial court's conclusion that movant was not denied an appeal was not clearly erroneous. *Brager v. State*, 625 S.W.2d 892, 894 (Mo.App.1981). Movant's first point is without merit.

Movant's second point, that his counsel was ineffective for failing to object to the admission in evidence of his 1960 conviction, must also fail. The rejection of movant's contention that the conviction was invalid precludes a finding that counsel's failure to object to the introduction of the conviction was conduct not conforming to the standard of customary skill and diligence of reasonably competent attorneys. *See Seales v. State*, 580 S.W.2d 733, 736 (Mo.banc 1979).

The judgment is affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.

---

1. In his motion, movant described numerous additional instances of alleged ineffective assistance of counsel. By not including these claims in his brief on appeal, movant has abandoned them. *Herron v. State*, 498 S.W.2d 530, 531 (Mo.1973).