STATE of Missouri, Plaintiff–
Respondent,

v.

Keith D. BOX, Defendant–Appellant.

Keith D. BOX, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 20713, 21322.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 12, 1997.

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for Respondent.

PARRISH, Presiding Judge.

Keith D. Box (defendant) was charged with and, following a jury trial, convicted of attempted robbery in the first degree, §§ 564.011 [1] and 569.020; assault in the first degree, § 565.050; and armed criminal action, § 571.015. Defendant was charged and sentenced as a prior offender pursuant to § 558.016.

Defendant was sentenced to incarceration in the custody of the department of corrections. Following incarceration he filed a pro se motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied without an evidentiary hearing.

Defendant appeals the judgment of conviction in his criminal case (No. 20713) and the judgment denying his Rule 29.15 motion (No. 21322). The appeals have been consolidated as required by Rule 29.15(*l*) as it existed on December 31, 1995. *See* Rule 29.15(m).[2] This court affirms both judgments.

### No. 20713

■ Defendant does not contest the sufficiency of the evidence in his criminal case. He makes one allegation of trial court error with respect to that appeal. The facts that follow are limited to those necessary to address that issue.

Defendant's case was scheduled for trial October 27, 1995. On October 25, 1995, the state filed a motion to endorse an additional witness, Tyrus Davis. The motion was presented to the trial court the morning of trial. The following dialogue occurred among the trial judge and the attorneys:

[Prosecutor]: I also filed a motion to endorse an additional witness earlier this week, which I provided defense counsel with a copy of. That is with the court's file to endorse.

THE COURT: You both have some extra endorsed witnesses.

[Defense Counsel]: Yes, Judge. As to the State's witness, Tyrus Davis, given the late nature of it we would again object. I have spoken to Mr. Box about the potential of requesting a continuance for the purpose of deposing him. We were given the opportunity to speak to the other testifying witness that was alleged to have been in the car, being a Michael Box, but have not had the opportunity with Mr. Tyrus Davis, and because of that we ordinarily might have asked for a continuance. Mr. Box wants to get this trial going, so we would not ask for a continuance, but given the late nature, he would not be asked to testify.

Defendant's trial attorney then told the trial judge defendant had two additional witnesses that had been disclosed to the prosecutor. The prosecutor told the trial judge, "They have been provided with a copy of the statement of Tyrus Davis since March of last year. We have been provided with nothing from their witnesses." The trial judge ruled, "I will endorse the witnesses."

Defendant's sole allegation of trial court error with respect to No. 20713 is directed to the trial court permitting Tyrus Davis to be endorsed as a witness. Defendant contends the trial court erred in permitting the state to endorse Davis as a witness "immediately before trial." He asserts he was denied a fair trial because "it denied him the opportunity to prepare for Tyrus' testimony, which differed from what had been disclosed in discovery, and presented prejudicial evidence not otherwise before the jury."

■ Although defendant objected to the endorsement of Tyrus Davis as a witness for the state, there was no request for a continuance. There was, in fact, a specific acknowledgment that defendant did not want a continuance. A trial court has broad discretion in permitting the endorsement of additional witnesses. An abuse of discretion occurs only when the endorsement of a witness results in fundamental unfairness to a defen-

---

**1.** References to statutes are to RSMo 1994.

**2.** Defendant was sentenced December 21, 1995. His rule 29.15 motion was filed April 22, 1996.

dant. *See State v. Banks*, 922 S.W.2d 32, 40 (Mo.App.1996).

The record does not reveal the state's late endorsement of Davis to be a deceptive practice, nor is there any indication it was done in bad faith. This court finds no abuse of discretion under the facts of this case. Defendant may not now complain that he was denied an opportunity to prepare for Mr. Davis' testimony when he chose to go forward with the trial instead of seeking leave to depose the witness prior to trial. *See State v. Shaw*, 839 S.W.2d 30, 36 (Mo.App. 1992). Point I is denied.

### No. 21322

■ Defendant's remaining point on appeal is directed to the trial court's denial of his Rule 29.15 motion. Point II is directed to defendant's trial counsel's failure to object to a statement made by the prosecutor in closing argument.

During defendant's closing argument, his trial attorney referred to punishment given to two witnesses who had been participants with defendant in the events that produced the criminal charges. The two witnesses, Michael Box and Tyrus Davis, pleaded guilty to offenses arising from those events.

Defendant's trial attorney told the jury, "He's [Tyrus Davis] going to do five years in the penitentiary. Granted, he's only going to serve eighteen months, two years. He is going to go because he was involved." Defendant's attorney also told them with respect to Michael Box, "Michael Box is going to go for ten years, because, I guess, he didn't make as good a deal." The attorney suggested to the jury, "They are going to be out before we can shake a stick, and the world won't be safe again."

The argument to which defendant asserts his trial attorney should have objected occurred after defendant's closing argument, during the state's rebuttal argument. The prosecutor argued:

Now you have heard about one going up for ten years, one going up for five years. Well, in this case punishment, should you all find guilt, is up to the Judge and not up to you all. Punishment is not an issue.

Regardless of what these other guys are getting and for whatever reason, that is not an issue today, and you must also remember the statements they gave today after they were offered some things were the statements they gave the night they were arrested.

Defendant asserts in Point II that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he received ineffective assistance of counsel at trial in that his trial counsel did not object "when the prosecutor assured the jury that punishment was 'not up to you all.'"

■ The motion court found with respect to defendant's claim that his trial counsel should have objected to the prosecutor's closing argument, "[Defendant] failed to show that the State's comments were even objectionable let alone prejudicial." This court's review of the motion court's findings and conclusions is limited to determining whether they are clearly erroneous. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993).

■ In order to raise a question of ineffective assistance of trial counsel, the defendant in a criminal case must allege facts demonstrating (1) that his trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) that he was prejudiced in that a different outcome would have resulted but for trial counsel's errors. *State v. Boone*, 869 S.W.2d 70, 78 (Mo.App.1993).

Defendant has cited no cases to this court that demonstrate the prosecutor's argument was anything other than a proper response to his trial counsel's argument. It is not necessary, however, for this court to address that question. Even if the argument were objectionable, to be entitled to relief defendant would be required to show that a different outcome at defendant's trial would have been likely if an objection had been made and sustained.

A review of the trial transcript does not reveal that the trial court's finding of no prejudice was clearly erroneous. The evidence of defendant's guilt was strong. This court does not find that the outcome of de-

fendant's trial would likely have been different if there had been no reference to the fact that the punishment, if guilt were found, would remain with the trial judge or had objections to the comments been made and sustained. Point II is denied.

### Clerical Error

■ Another matter must be addressed although not raised by the parties to this appeal. The sentence and judgment that was entered in defendant's criminal case erroneously identifies the charge of attempted robbery in the first degree as "ROBBERY 1ST DEGREE."

■ The trial court's judgment must follow the verdict rendered in the case. *Brager v. State*, 625 S.W.2d 892, 895 (Mo.App.1981). Here, as in *Brager*, it is clear that the error is a clerical mistake in that the charge was attempted robbery in the first degree, the applicable instruction was for that offense, and the sentence that was imposed was for that offense.

The circumstances that *Brager* addressed were similar to those in this case. As explained there, "Under Rule 29.12, the trial court has the power to correct clerical mistakes in judgments and other parts of the record arising from oversight or omission. This is an instance in which the trial court can and should exercise that power." *Id.* at 895.

Accordingly, the judgment in No. 20713 and the judgment in No. 21322 are affirmed. However, No. 20713 is remanded and the trial court is directed to correct its record entry to reflect that defendant was convicted and sentenced with respect to Count I of the amended information for the offense of attempted robbery in the first degree.

MONTGOMERY, C.J., and SHRUM, J., concur.