**STATE of Missouri, Respondent,**

v.

**John SHEPHERD, Appellant.**

No. 73223.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 1, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 22, 1999.

Application to Transfer Denied
April 27, 1999.

Raymund J. Capelovitch, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Jefferson City, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Defendant was charged by information with one count of assault in the first degree, section 565.050, RSMo 1994.[1]  A jury convicted him of the lesser included offense of assault in the second degree, section 565.060. The court found defendant was a prior and persistent offender and sentenced him to twenty years in prison.  However, the written sentence and judgment indicate that the sentence was for assault in the first degree. Defendant appeals from the judgment on his conviction.  We affirm the judgment on the conviction and remand for correction of the written sentence.

In his first point, defendant argues that the trial court erred in entering a written sentence that deviated from the trial court's oral pronouncement.  State concedes error on this point.  The jury returned a verdict for assault in the second degree.  The trial court orally sentenced defendant to assault in the second degree.  However, the written sentence and judgment indicate a sentence for assault in the first degree.  The trial court's judgment must follow the verdict rendered in the case.  *State v. Box*, 956 S.W.2d 460, 463 (Mo.App.1997).  Here, as in *Box*, it is clear that the error is a clerical mistake in that the applicable instruction was for assault in the second degree and the sentence was imposed for that offense.  *See id.;* section 558.016.7(3).  We remand for entry of a corrected twenty-year sentence for assault in the second degree as a prior and persistent offender, consistent with the verdict and oral pronouncement.  Rule 29.12.

Defendant further argues that the trial court erred when it refused to instruct the jury on assault in the third degree, section

---

1.  All statutory references are to RSMo 1994 un-    less otherwise indicated.

565.070. We have reviewed the briefs of the parties and the record on appeal, and find no error. No jurisprudential purpose would be served by a written opinion as to defendant's second point. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for our decision.

The judgment of the trial court is affirmed. We remand only for entry of a corrected written sentence.

JAMES R. DOWD, J., and LAWRENCE E. MOONEY, J., concur.